entitled to a trial of the issues for the purpose of ascertaining what portion of the reduction in the assessment was obtained as the result of the plaintiff's effort, is unsound, it having conceded the reduction and that a part, at least, was due to the services rendered the defendant under the contract. (*Rogers* v. *Polytechnic Institute of Brooklyn*, 87 App. Div. 81.) Young, Rich, Hagarty, Scudder and Tompkins, JJ., concur.

FURMAN T. HOWARD, Appellant, v. JANE L. HOWARD, Respondent, and MARGARET C. HOWARD and ETHEL B. PHILBRICK, Defendants.— Judgment unanimously affirmed, with costs. No opinion. Present — Lazansky, P. J., Young, Kapper, Scudder and Tompkins, JJ.

INTERBOROUGH WOODWORKING CORPORATION, Respondent, v. HENRY MANDEL BUILDING CO., INC., Defendant, and PROSNITZ-GLOVER CO., INC., and GLOBE INDEMNITY COMPANY, Appellants.— Order denying motion of appealing defendants to dismiss amended complaint for insufficiency reversed upon the law and the facts, with ten dollars costs and disbursements, and motion granted, with ten dollars costs, with leave to plaintiff to plead over within ten days from the entry of the order herein. The complaint is defective in the following respects: (1) There is no allegation of facts showing that plaintiff's assignor was entitled to a payment under the contract, the failure to make which was plaintiff's assignor's excuse for not proceeding with the contract; (2) there is no allegation that plaintiff was able and ready to proceed with the contract if it had not been breached; (3) insufficient facts are set forth to show compliance with the Lien Law▋ as to content of notice of lien; (4) there is no allegation that the receiver in bankruptcy returned the assets to plaintiff's assignor as directed by the bankruptcy court. Lazansky, P. J., Young, Kapper, Scudder and Tompkins, JJ., concur.

In the Matter of the Transfer Tax upon the Estate of ELLEN HALE BOLTON, Deceased. STATE TAX COMMISSION, Appellant; MANDEVILLE MULLALLY and EDITH BOLTON MULLALLY, as Executors, etc., of ELLEN HALE BOLTON, Deceased, Respondents.— The decision of this court handed down on March 14, 1930,▋ is hereby amended to read as follows: Order of the Surrogate's Court of Nassau county, made on June 3, 1930, and by consent entered *nunc pro tunc* as of February 6, 1929, reversing the *pro forma* order made by the surrogate dated November 22, 1927, which *pro forma* order fixed and assessed a tax with respect to the estate of the above-named decedent, reversed upon the law and the facts, without costs, and the *pro forma* order reinstated, without costs. Decedent died in February, 1926. She was of the age of seventy-five years at the time of the transfer of the securities to her daughter, under review in this case, and seventy-six years of age when she died. She had been suffering from diabetes for twenty years, although the proof is that the direct cause of death was coronary artery thrombosis, or hardening of the arteries. She was also suffering from cataracts, which had rendered her nearly blind. An operation, the nature of which is not disclosed, was imminent. Decedent resided with her daughter, to whom she made the transfer, and her son-in-law. The latter was a trust officer, familiar with the Transfer [Tax] Law, and supervised the transfer. The reason given by the respondents for the transfer, which stripped the decedent of all her property,